UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| WILLIAMS BROTHERS CONSTRUCTION INC., <br><br> Plaintiff, <br><br> vs. <br><br> EVANSVILLE WATER AND SEWER UTILITY OF THE CITY OF EVANSVILLE, INDIANA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

Plaintiff, Williams Brothers Construction Inc., by its attorneys, for its Complaint against Defendant Evansville Water and Sewer Utility of the City of Evansville, Indiana, states as follows:

**PARTIES**

1.  Plaintiff Williams Brothers Construction Inc. ("WBCI") is a Delaware corporation with its principal place of business in Peoria, Peoria County, Illinois. WBCI is a Citizen of Illinois and Delaware.

2.  Defendant Evansville Water and Sewer Utility of the City of Evansville, Indiana ("EWSU") is a public utility owned and operated by the City of Evansville, Indiana. EWSU is a Citizen of Indiana.

**JURISDICTION AND VENUE**

3.  This Court has personal jurisdiction over EWSU because its home office and principal place of business is in Evansville, Vanderburgh County,

Indiana, and it has and is currently transacting business in Indiana, including the project that is the subject of this Complaint.

4. In addition, EWSU has sufficient contacts with Indiana to be subject to this Court's general jurisdiction.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff WBCI and Defendant EWSU are citizens of different states as defined at 28 U.S.C. §§ 1332(*a*)(1) and (*c*)(1). The amount in controversy exceeds the jurisdictional minimum of $75,000 set forth at 28 U.S.C. § 1332(*b*).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(*b*)(2), as a substantial part of the events, acts and omissions giving rise to the claim occurred in this judicial district.

## BACKGROUND FACTS

7. WBCI is a construction company engaged in commercial construction, including the construction and renovation of wastewater treatment plants.

8. In late 2018, EWSU issued a public notice seeking bids for the construction of a wastewater treatment plant, known as the West Wastewater Treatment Plant Improvements Project ("Project"). (Notice to Bidders, Instructions to Bidders, Bid Form, Agreement Form, Performance and Payment

Bond Forms, General Conditions, Supplementary Conditions and Specifications, Volume I, referenced pages[1] attached as "**Exhibit A**," p. 2).

9. As directed in the notice advertising the project for bid, WBCI obtained copies of the bid documents from EWSU. As set forth below, the bid instructions, included as part of the bid documents, required contractors to submit bids on the itemized proposal contained in the specifications portion of the bid documents:

> 1.13 PROPOSAL FORM
>
> A. All Bids must be submitted upon the Proposal form which will be furnished by the Owner. The form shall be completely executed and shall give *the price bid for each item of work proposed* and shall be signed by the Bidder.

(**Exhibit A**, p. 3 (emphasis added)).

10. The Proposal Form was not a general template form that required the contractor to state the quantities and materials it proposed to use; rather, the quantities and specifications were already provided in the Proposal Form. (**Exhibit A**, pp. 6-10).

11. The Proposal Form was divided into various provisions for lump sum prices without specified quantities and lump sum prices based upon specified quantities and unit prices. (**Exhibit A**, pp. 6-10).

12. The Proposal Form initially contained eleven building-specific lump sum items without specified quantities (**Exhibit A**, pp. 33-38).

---

[1] The entirety of this document is 1088 pages. Accordingly, only the referenced pages are being attached to this Complaint. Plaintiff will submit the complete document upon request of the Court or as needed during the progress of this litigation.

13. In the initial Proposal Form, "Additional Auger Cast Piles" was identified as Item 23. (**Exhibit A**, p. 37).

14. On November 1, 2018, EWSU issued Addendum No. 4 to the bidding documents, which consolidated Contract Items 1-4 and 7-13 into a single lump sum for the ease of bidding. (Addendum No. 4, attached as "**Exhibit B**," pp. 3-5).

15. Thereafter, "Additional Auger Cast Piles" were identified as Item 13 in the bid Proposal Form. (**Exhibit B**, p. 4).

16. Additional Pressure-Grouted Concrete Piles are an itemized unit cost in both the original bidding documents and the changes reflected in Addendum No. 4. (**Exhibit A**, p. 37; **Exhibit B**, p. 4).

17. Following Addendum No. 4, there was one lump sum provision left blank in the Proposal Form that requested contractors to submit a bid "[f]or the construction of the West WWTP Improvements Project and all associated Work complete in place as shown and specified, *except for Work specified under Other Contract Items...*" (**Exhibit B**, p. 3 (emphasis added)).

18. The remaining items, including Additional Auger Cast Piles (Item 13), required the bidder to provide a unit price for the specified quantity.

19. The bid instructions and bid Proposal Form required the bidder to multiply the quantities times the unit cost, total the line items for all the pages, and state a total cost or lump sum of the required bid proposal in the right-hand column. (**Exhibit A**, p. 5; **Exhibit B**, p. 5).

20. The bid Proposal Form provides, in pertinent part:

| 11 | 100 CY | **Additional Class D Concrete**, complete in place, for the unit price of _____ dollars and _____cents per cubic yard. | $_____ | $_____ |
| 12 | 2,000 LBS | **Additional Reinforcing Steel**, for the unit price of _____ dollars and _____cents per pound. | $_____ | $_____ |
| 13 | 1 LF | **Additional Auger Cast Piles**, for the unit price of _____ dollars and _____cents per linear foot. | $_____ | $_____ |

(**Exhibit B**, pp. 3-4).

21. The Proposal Form also expressly states that "quantities are not guaranteed, and final payment will be based on actual quantitates determined as provided in the Contract Documents." (**Exhibit B**, p. 7).

22. The Construction Contract provides, in pertinent part: "Production piles conforming to the specifications and located as shown or on approved working drawings will be paid for in accordance with the Contract Items." (Notice to Bidders, Instructions to Bidders, Bid Form, Agreement Form, Performance and Payment Bond Forms, General Conditions, Supplementary Conditions and Specifications, Volume II, referenced pages[2] attached as "**Exhibit C**," p. 465).

---

[2] The entirety of this document is 1060 pages. Accordingly, only the referenced pages are being attached to this Complaint. Plaintiff will submit the complete document upon request of the Court or as needed during the progress of this litigation.

23. As set forth in the Contract Items, "[t]he length of auger cast piles to be measured for payment under Contract Item [13] will be the actual lengths of production piles placed in the Work and accepted, measured from the tip to the cutoff elevation shown or directed." (**Exhibit A**, pp. 263).

24. In contrast to pressure-grouted concrete piles, Contract Items 9 through 12 are only compensated on a unit-cost basis in the event such items are furnished "in addition to that shown or specified" in the contract specifications. (**Exhibit A**, pp. 14-15).

25. The Standard General Conditions provide, in pertinent part: "Where the Contract Documents provide that all or part of the Work is to be Unit Price Work, *initially the Contract Price will be deemed to include for all Unit Price Work an amount equal to the sum of the unit price for each separately identified item of Unit Price Work times the estimated quantity of each item as indicated in the Agreement.*" (**Exhibit A**, p. 12 (emphasis added)).

26. The Standard General Conditions provide further that "[t]he estimated quantities of items of Unit Price Work are not guaranteed and are solely for the purpose of comparison of Bids and determining an initial Contract Price. Determinations of the actual quantities and classifications of Unit Price Work performed by Contractor will be made by Engineer...." (**Exhibit A**, p. 21).

27. WBCI timely submitted a bid to EWSU.

28. WBCI's bid totaled $35,380,00.00 by adding the line items in the bid Proposal Form as required by the bidding instructions. (WBCI Bid, referenced pages[3] attached as "**Exhibit D**," p. 5).

29. The bid documents provide that the bids would be compared based upon the lump sum of the required itemized proposal. (**Exhibit A**, p. 5).

30. WBCI's unit price bid for additional auger cast piles was $70.00 per lineal foot. (**Exhibit D**, p. 4).

31. EWSU accepted WBCI's bid and awarded it the contract.

32. During the course of the Project, WBCI installed 26,190.02 linear feet of pressure-grouted auger cast piles. (Pressure-Grouted Piles As-Built Summary, attached as "**Exhibit E**").

33. Per Contract Item 13 on the Proposal Form, WBCI is entitled to $70 per linear foot, or $1,833,301.40.

34. Despite WBCI following the bid instructions, and utilizing the provided and required bid Proposal Form, EWSU refuses to pay WBCI for this work.

35. During the course of the project on August 13, 2019, a storm passed through causing a power outage at the plant which disabled EWSU's pumps. As a result, partially treated sewage backed up and overflowed a wet well, then made its way into WBCI's excavated work area causing it to flood.

---

[3] The entirety of this document is 128 pages. Accordingly, only pages 1-8 are being attached to this Complaint. Plaintiff will submit the complete document upon request of the Court or as needed during the progress of this litigation.

36. In order to minimize the delay caused by this, WBCI was forced to pump out the sewage and pressure wash the work area.

37. WBCI submitted a request (COR-001) for a 3-day contract extension and cleanup costs of $3,452 for this work. This request was not approved. (WBCI COR-001, attached as **"Exhibit F"**).

38. During the course of the Project, EWSU required WBCI to perform leak testing of a precast box culvert and the adjoining structures on each end of the box culvert. Although the contract did not require leak testing of the box culvert, WBCI was forced to perform the testing at ESWU's insistence. WBCI submitted a request (COR-023) in the amount of $15,395, but ESWU refuses to pay. (WBCI COR-023, attached as **"Exhibit G"**).

39. In July 2020, WBCI informed EWSU of an issue on the Project being caused by sludge backwash coming into the mud well from another contractor. WBCI was required to clean sludge out of this mud well as part of the contract work. After multiple attempts over several days WBCI was not able to complete the cleanup of the mud well due to continually being interrupted by incoming flow of backwash from the other contractor, which had not been coordinated with WBCI. The efforts that were made to clean this mud well resulted in extensive costs as well as lost time. WBCI requested that EWSU issue a change order for the added cost (COR-027) in the amount of $30,064. This request was denied. (WBCI COR-027, attached as **"Exhibit H"**).

40. In September 2019, WBCI had placed concrete for a portion of the project in Building #38. EWSU was concerned about the quality of the work and issued a stop work order.

41. Following inspection, EWSU determined there were issues with the work and made corrective recommendations.

42. WBCI disagreed, and maintained that the concrete met standards set by the American Concrete Institute.

43. Despite the disagreement, in an effort to avoid further delay, WBCI performed the corrective work. WBCI submitted a request (COR-030) in the amount of $120,364 plus a 121-day extension for this work, but EWSU refused the request. (WBCI COR-030, attached as **"Exhibit I"**).

44. In August 2020, WBCI submitted a request (COR-033) in the amount of $5,999 for the removal and demolition of an abandoned concrete tank wall and stairs that were not included in the Project demolition drawings. This wall and stairs were discovered to be in conflict with new piping that was to be installed so it had to be removed. EWSU refused this request. (WBCI COR-033, attached as **"Exhibit J"**).

45. In late September, early October 2020, WBCI encountered water intrusion into a wet well coming from existing drain lines that were not shown on the contract documents. WBCI spent 3 days bypass pumping the entire plant influent while attempting to locate and stop the infiltration so that they could complete their contract work in this wet well. WBCI submitted a request (COR-040) in the amount of $34,200 plus a 3-day extension to recover lost

time and cost associated with this. EWSU refused this request. (WBCI COR-040, attached as **"Exhibit K"**).

46. In late 2020, WBCI submitted a request (COR-048) in the amount of $58,084 plus a 25-day extension for installation of fluidizer piping that was not detailed on the Project drawings. EWSU refused this request. (WBCI COR-048, attached as **"Exhibit L"**).

47. In addition to the above, EWSU has failed to pay WBCI the balance due under the parties' contract.

## COUNT I
### (Breach of Contract)

48. WBCI repleads and restates Paragraphs 1-47 as if set forth fully herein.

49. EWSU and WBCI were capable of contracting.

50. WBCI submitted a bid and EWSU accepted WBCI's bid. EWSU and WBCI entered into a written contract.

51. Pursuant to the terms of the contract, WBCI would provide construction labor and materials for the Project for which it would be paid by EWSU.

52. WBCI has performed its obligations under the terms of the contract.

53. EWSU has breached the contract by not fully paying WBCI for the labor and materials provided by WBCI.

54. EWSU's breach of the contract has caused WBCI damages.

WHEREFORE, Plaintiff Williams Brothers Construction Inc. respectfully requests the Court enter judgment in its favor and against Evansville Water and Sewer Utility for the City of Evansville, Indiana for damages in an amount to be proven at trial, plus pre- and post-judgment interest and costs as allowed by law.

## COUNT II
### (Quantum Meruit/Implied Contract)

55. WBCI repleads and restates paragraphs 1-54 as if set forth fully herein.

56. In the alternative, if it is determined that WBCI does not have an action against EWSU for breach of express contract on some or all of its claims, WBCI nonetheless is entitled to recover damages from EWSU under a theory of quantum meruit or implied contract.

57. WBCI rendered valuable labor services and materials to EWSU, under circumstances which gave EWSU reason to understand WBCI performed labor and provided services and materials for EWSU and not some other entity.

58. The circumstances further gave EWSU reason to understand the labor and materials provided by WBCI were not provided gratuitously, but with the expectation of compensation from EWSU.

59. The labor and materials provided by WBCI were beneficial to EWSU.

WHEREFORE, Plaintiff Williams Brothers Construction Inc. respectfully requests the Court enter judgment in its favor and against Evansville Water and Sewer Utility for the City of Evansville, Indiana for damages in an amount

to be proven at trial, plus pre- and post-judgment interest and costs as allowed by law.

## COUNT III
### (Unjust Enrichment)

60. WBCI repleads and restates paragraphs 1-59 as if set forth fully herein.

61. In the alternative, if it is determined that WBCI does not have an action against EWSU for either express or implied contract, WBCI is nonetheless entitled to recover damages from EWSU for unjust enrichment.

62. EWSU accepted and was enriched by the receipt of the labor and materials provided by WBCI.

63. EWSU's enrichment was at the expense of WBCI.

64. Under the circumstances, it would be unjust to allow EWSU to retain the benefits of WBCI's labor and materials, and WBCI is entitled to a judgment for the damages resulting from said unjust enrichment in an amount to be proven at trial.

WHEREFORE, Plaintiff Williams Brothers Construction Inc. respectfully requests the Court enter judgment in its favor and against Evansville Water and Sewer Utility for the City of Evansville, Indiana for damages in an amount to be proven at trial, plus pre- and post-judgment interest and costs as allowed by law.

        McNeelyLaw LLP

By: /s/ *Paul L. Jefferson*
    Paul L. Jefferson
    143 West Market Street, Suite 600-A
    Indianapolis, IN 46204
    Telephone: (317) 825-5110
    Facsimile: (563) 324-1616
    Email: PJefferson@McNeelyLaw.com

**AND**

LANE & WATERMAN LLP

By: /s/ *Benjamin J. Patterson*
    Benjamin J. Patterson
    (*Application Pro Hac Vice Pending*)
    220 N. Main St., Ste. 600
    Davenport, IA 52801-1987
    Telephone: (563) 324-3246
    Facsimile: (563) 324-1616
    Email: BPatterson@L-WLaw.com

**ATTORNEYS FOR PLAINTIFF WILLIAMS BROTHERS CONSTRUCTION INC.**